```
                                                      FILED IN THE
                                                   U.S. DISTRICT COURT
                                                EASTERN DISTRICT OF WASHINGTON

                                                      Jul 09, 2020
                                                    SEAN F. McAVOY, CLERK
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANITA B., | No. 4:19-CV-5207-RMP |
| Plaintiff, | ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |
| v. | |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

BEFORE THE COURT, without oral argument, are cross-motions for summary judgment from Plaintiff Anita B.[1], ECF No. 14, and the Commissioner of Social Security ("Commissioner"), ECF No. 15. Plaintiff seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's denial of her claim for disability insurance benefits under Title II of the Social Security Act (the "Act"). *See*

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial.

ORDER GRANTING IN PART PLAINTIFF'S MOTION AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

1  ECF No. 14 at 1. Having reviewed the parties' motions and the administrative

2  record, the Court is fully informed. The Court grants in part Plaintiff's motion,

3  denies the Commissioner's motion, and remands the matter to the agency for further

4  proceedings.

## BACKGROUND

6  Plaintiff was diagnosed with rheumatoid arthritis in 2008. AR 310. She

7  continued working until July 2016. AR 64. Shortly after stopping work, she

8  underwent trigger finger release surgery on three fingers on her left hand. AR 339-

9  40. She reported some improvement in her hand following surgery, but continued to

10 report some pain across her palm. AR 408, 610. Over the following two years she

11 received treatment for epicondylitis, rheumatoid arthritis, knee pain, and foot pain.

12 AR 502, 507, 566-68, 574, 588, 597, 604-06, 671, 676.

13 On October 26, 2016, Plaintiff filed an application for Title II disability

14 benefits, alleging disability based on rheumatoid arthritis, osteoarthritis, carpal

15 tunnel syndrome, bursitis, tennis elbow, tendinitis, trigger fingers, Baker's cysts, and

16 bone spurs. AR 76-77. The claim was denied initially and upon reconsideration. AR

17 102-04, 110-12. Plaintiff subsequently had a hearing before ALJ R.J. Payne, and on

18 August 10, 2018, the ALJ denied Plaintiff's claim. AR 15-25. Plaintiff requested and

19 was denied review by the Appeals Council, leaving the ALJ's decision as the final

decision of the Commissioner. AR 1-5. Plaintiff now seeks judicial review of the Social Security Administration's disability determination.

***ALJ's Decision***

On August 10, 2018, the ALJ issued an unfavorable decision. AR 15-25. Applying the five-step evaluation process, Judge Payne found:

**Step one:** Plaintiff had not engaged in substantial gainful activity since July 22, 2016, the alleged onset date. AR 17.

**Step two:** Plaintiff had the following severe impairments that were medically determinable and significantly limited her ability to perform basic work activities: obesity, diabetes mellitus type-II, rheumatoid arthritis, left hand trigger fingers, metatarsalgia, degenerative joint disease of the left knee. *Id.* The ALJ found that Plaintiff's epicondylitis, sacroiliac joint dysfunction, historical carpal tunnel syndrome, and thoracic spine impairment were mild or had resolved within a 12-month period and therefore were non-severe. AR 19.

**Step three:** The ALJ concluded that Plaintiff's impairments, considered singly and in combination, did not meet or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526). *Id.*

**Residual Functional Capacity ("RFC"):** The ALJ found that Plaintiff had the RFC to:

> perform sedentary work as defined in 20 CFR 404.1567(a). The claimant can lift or carry up to five pounds at a time frequently and lift no more than ten pounds at a time occasionally. At a time [sic], the claimant has no limitation sitting and can stand 30 minutes and walk 30 minutes. In an eight-hour workday with normal breaks, the claimant has no limitations sitting and can stand and walk 2 hours total. The claimant can occasionally push/pull leg-foot controls within the weight limitations given. The claimant can frequently crouch and kneel. She can occasionally crawl. The claimant can occasionally climb ramps and stairs, but can never climb ladders or scaffolds. The claimant must avoid concentrated exposure to heavy industrial-type vibration and extreme cold. The claimant is precluded from working at unprotected heights. The claimant can frequently handle and finger bilaterally.

AR 19.

In determining Plaintiff's RFC, the ALJ found that her statements concerning the intensity, persistence and limiting effects of her alleged symptoms "are not entirely consistent with the medical evidence and other evidence in the record." AR 20.

**Step four:** The ALJ found that Plaintiff was capable of performing her past relevant work as an administrative clerk and as a bookkeeper. AR 22-23.

**Step five:** The ALJ alternatively found there were jobs that existed in the national economy that Plaintiff could perform considering her age,

ORDER GRANTING IN PART PLAINTIFF'S MOTION AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

education, work experience, and RFC. AR 23. The ALJ thus found Plaintiff had not been disabled within the meaning of the Social Security Act at any time since the alleged onset date of July 22, 2016. Tr. 25.

## LEGAL STANDARD

**A. Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A court may set aside the Commissioner's denial of benefits only if the ALJ's determination was based on legal error or not supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir.

1    1965). On review, the court considers the record as a whole, not just the evidence

2    supporting the decisions of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20,

3    22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

4    It is the role of the trier of fact, not the reviewing court, to resolve conflicts in

5    evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational

6    interpretation, the court may not substitute its judgment for that of the

7    Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Allen v.*

8    *Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by

9    substantial evidence will still be set aside if the proper legal standards were not

10   applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health*

11   *and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial

12   evidence to support the administrative findings, or if there is conflicting evidence

13   that will support a finding of either disability or nondisability, the finding of the

14   Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir.

15   1987).

16   **B. Definition of Disability**

17   The Social Security Act defines "disability" as the "inability to engage in any

18   substantial gainful activity by reason of any medically determinable physical or

19   mental impairment which can be expected to result in death or which has lasted or

20   can be expected to last for a continuous period of not less than 12 months." 42

21

U.S.C. §§ 423(d)(1)(A). The Act also provides that a claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering the claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

### C. Sequential Evaluation Process

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520. Step one determines if he is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. § 404.1520(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments

ORDER GRANTING IN PART PLAINTIFF'S MOTION AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

acknowledged by the Commissioner to be so severe as to preclude any gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work that he has performed in the past. If the claimant is able to perform his previous work, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv). At this step, the claimant's RFC assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in light of his residual functional capacity and age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Meanel*, 172 F.3d at 1113. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant

can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ISSUES ON APPEAL

The parties' motions raise the following issues regarding the ALJ's decision:

1. Did the ALJ err in rejecting the opinions from Plaintiff's treating physician Amy Britt, M.D.?
2. Did the ALJ erroneously reject Plaintiff's subjective symptom testimony?

## DISCUSSION

**1. Plaintiff's subjective allegations**

Plaintiff argues the ALJ erred in his evaluation of Plaintiff's subjective allegations, in that the activities he identified as inconsistent with her alleged limitations were not actually performed at a level that involved more ability than Plaintiff claimed to have. ECF No. 14 at 16-18.

The Commissioner responds that the ALJ offered three distinct reasons for the credibility analysis, including Plaintiff's activities, lack of confirmation of her allegation that she had been prescribed a cane and a wheelchair, and her inconsistent statements regarding why she stopped working, all of which amounted to clear and convincing reasons for discounting Plaintiff's subjective reports. ECF No. 15 at 2-4.

ALJs engage in a two-step process to determine the reliability of a claimant's subjective testimony. "First, the ALJ must determine whether there is objective

ORDER GRANTING IN PART PLAINTIFF'S MOTION AND DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

1   medical evidence of an underlying impairment which could reasonably be expected

2   to produce the pain or other symptoms alleged." *Molina v. Astrue*, 674 F.3d 1104,

3   1112 (9th Cir. 2012) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir.

4   2007)). If the first step is met, and if there is no evidence of malingering on the

5   record, then "the ALJ can reject the claimant's testimony about the severity of [the

6   claimant's] symptoms only by offering specific, clear and convincing reasons for

7   doing so." *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014) (citing *Smolen

8   v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)).

9     The ALJ found that Plaintiff's medically determinable impairments "could

10  reasonably be expected to cause the alleged symptoms," but found her "statements

11  concerning the intensity, persistence and limiting effect of these symptoms are not

12  entirely consistent with the medical evidence and other evidence in the record." AR

13  20. The ALJ went on to find Plaintiff's level of daily activity required extensive use

14  of the hands, which was inconsistent with her allegations. *Id.* The ALJ also noted the

15  record lacked evidence in support of Plaintiff's statement that she was prescribed a

16  cane and a wheelchair, and found Plaintiff had made inconsistent statements

17  regarding why she stopped working in 2016. AR 20-21.

18    The Court finds the ALJ failed to offer clear and convincing reasons for

19  discounting Plaintiff's subjective allegations. A claimant's daily activities may

20  support an adverse credibility finding if the claimant's activities contradict her other

21

ORDER GRANTING IN PART PLAINTIFF'S MOTION AND DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). However, the ALJ failed to identify any activities that Plaintiff engaged in that were inconsistent with her allegations. Plaintiff indicated she had difficulty using her hands and could not use a keyboard for more than two hours in a day, and also could not be on her feet for extended periods of time. AR 65-67. The ALJ found this testimony inconsistent with evidence that Plaintiff continued to engage in activities such as gardening, fishing, sewing, cooking, exercising, and basic household chores and self-care. AR 20-21. However, the record contains few indicators of how long or how frequently Plaintiff was able to engage in any of these activities, and the ALJ made no findings as to these points. Indeed, the record reflects Plaintiff's statements that she only engaged in minimal chores, and had to pace herself due to pain. AR 72-74, 222-23, 635. She also reported she had good and bad days which would impact her ability, and her activity level was limited by her rheumatoid arthritis and other pain. AR 222, 482, 604, 630.

The Ninth Circuit has found that the ability to perform basic household and personal activities are not inconsistent with the inability to work:

> We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day.

ORDER GRANTING IN PART PLAINTIFF'S MOTION AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

1  *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) *citing Smolen v. Chater*, 80
2  F.3d 1273, 1287 n.7 (9th Cir. 1996) ("The Social Security Act does not require that
3  claimants be utterly incapacitated to be eligible for benefits, and many home
4  activities may not be easily transferable to a work environment where it might be
5  impossible to rest periodically or take medication."). Because the ALJ failed to make
6  findings regarding the frequency and duration of any of Plaintiff's activities, there is
7  no clear inconsistency with her symptom allegations.

8        The ALJ additionally found the record lacked evidence to support Plaintiff's
9  allegation that she had been prescribed a wheelchair and a cane, and the ALJ noted
10 that the treatment records did not document Plaintiff using an assistive device. AR
11 21. However, Plaintiff's function report indicated that she was prescribed the
12 wheelchair in 2011 or 2012. AR 227. The record does not contain records from this
13 time period, other than imaging results (AR 320-35), and thus does not indicate one
14 way or the other whether Plaintiff was prescribed the assistive devices. If the ALJ
15 intends to discount Plaintiff's allegations on this basis, he must further develop the
16 file and obtain records from the relevant time period. Furthermore, Plaintiff
17 indicated that the wheelchair and cane were for use in places with a lot of walking.
18 AR 227. She never indicated that she needed them at all times. Therefore, the fact
19 that she did not present to her medical appointments using an assistive device does
20 not create any inconsistency.
21

ORDER GRANTING IN PART PLAINTIFF'S MOTION AND DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

1    Finally, the ALJ found Plaintiff's subjective reports to be undermined by her
2    inconsistent statements regarding why she stopped working in 2016. AR 21. In June
3    2016, Plaintiff told her treating doctor that things were "shaky" at work, and that she
4    planned to quit her job the following month as she felt the business would go under.
5    AR 336. At that time, she indicated she planned to take some time off, do some
6    projects around her house, and then find another line of work. *Id.* At the hearing,
7    Plaintiff testified she stopped working because she was unable to use her hands and
8    her fingers were locking up and she needed to have surgery. AR 64-65. The Court
9    finds this single discrepancy does not constitute substantial evidence amounting to a
10   clear and convincing basis for discounting Plaintiff's allegations. *See Popa v.*
11   *Berryhill*, 872 F.3d 901, 906-07 (9th Cir. 2017)("A single discrepancy fails,
12   however, to justify the wholesale dismissal of a claimant's testimony.").
13   Furthermore, the record documents that Plaintiff reported her pain was exacerbated
14   by her work in the months leading up to her retirement (AR 359, 362, 367, 403) and
15   that her hands did not hurt as much when she was not working. AR 348, 356.
16   Therefore, Plaintiff's testimony that her hand pain was a reason she stopped working
17   is supported by the record. While she may also have considered other factors, the
18   various explanations are not mutually exclusive.
19        Because the ALJ failed to offer clear and convincing reasons for discounting
20   Plaintiff's subjective allegations, the decision cannot be upheld.
21

ORDER GRANTING IN PART PLAINTIFF'S MOTION AND DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

**2. Medical Opinion Evidence**

Plaintiff contends the ALJ erred in his rejection of the three opinions provided by Plaintiff's treating doctor, Amy Britt, M.D. ECF No. 14 at 10-13.

When a treating doctor's opinion is contradicted by another opinion, an ALJ must articulate "specific and legitimate" reasons, supported by substantial evidence in the record, to reject the opinion. *Andrews v. Shalala,* 53 F.3d 1035, 1041 (9th Cir. 1995). "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings.'" *Garrison*, 759 F.3d at 1012 (quoting *Reddick*, 157 F.3d at 725).

Doctor Britt completed three medical questionnaires in which she opined Plaintiff was not capable of performing any type of work on a reasonably continuous sustained basis. AR 481, 572, 738. In two of the forms she also opined Plaintiff could use her hands for handling, fingering, and grasping for less than one-third of an eight-hour workday. AR 572, 738.

The ALJ gave these opinions very little weight, noting they were all rendered on one-page check-box forms and were unaccompanied by any rationale justifying the limitations. AR 22. The ALJ further reasoned the record showed Plaintiff was able to use her hands to a greater extent than envisioned by Dr. Britt, and noted that

1  the conclusion that Plaintiff was unable to work did not provide a function-by-

2  function assessment and was an issue reserved to the Commissioner. *Id.*

3        Plaintiff argues the ALJ erred in his analysis as he ignored Dr. Britt's

4  treatment records, which supported the opinion. ECF No. 14 at 12. Plaintiff further

5  argues that the ALJ's discussion of Plaintiff's activities was flawed for the same

6  reasons as discussed above. *Id.* at 13. Finally, Plaintiff faulted the ALJ for failing to

7  identify what records the Medical Expert at the hearing reviewed that Dr. Britt did

8  not have access to that justified assigning more weight to the medical expert. *Id.* at

9  13.

10        The Commissioner responds that the ALJ's finding that Dr. Britt did not

11  provide an explanation of the basis for her opinions was a specific and legitimate

12  reason to discount her opinions. ECF No. 15 at 5. Defendant further argues the ALJ

13  reasonably found Dr. Britt's opinion to be undermined by the testimony of the

14  medical expert and by the evidence of Plaintiff's extensive activities. *Id.* at 6-7.

15        The Court finds no error. An ALJ may discredit opinions that are conclusory,

16  brief, and unsupported by the record as a whole. *Thomas v. Barnhart*, 278 F.3d 947,

17  957 (9th Cir. 2002); *see also* 20 C.F.R. 404.1527(c)(3)("The more a medical source

18  presents relevant evidence to support a medical opinion, particularly signs and

19  laboratory findings, the more weight we will give that medical opinion. The better

20  an explanation a source provides for a medical opinion, the more weight we will

21

ORDER GRANTING IN PART PLAINTIFF'S MOTION AND DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

give that medical opinion."). The Ninth Circuit has held that ALJs may reasonably consider any explanations (or lack thereof) offered by a source:

> An ALJ is not required to take medical opinions at face value, but may take into account the quality of the explanation when determining how much weight to give a medical opinion. *See Orn*, 495 F.3d at 631; 20 C.F.R. § 404.1527(c)(3). While an opinion cannot be rejected merely for being expressed as answers to a check-the-box questionnaire, *Popa v. Berryhill*, 872 F.3d 901, 907 (9th Cir. 2017), "the ALJ may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusions," *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (cleaned up) (quoting *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir.1996)).

*Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020). The ALJ reasonably considered Dr. Britt's lack of explanation or citation to any supportive clinical findings in assigning little weight to her opinions.

However, as this claim is being remanded for reconsideration of Plaintiff's subjective complaints, the ALJ shall also reconsider the medical evidence and any additional evidence in formulating a new decision.

**3. Request for remand for benefits**

Generally, the appropriate course upon finding error in the Commissioner's determination of a claimant's application is to "remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (internal citation omitted). A court should take the exceptional step of remanding for an immediate award of benefits only where:

ORDER GRANTING IN PART PLAINTIFF'S MOTION AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 16

(1) The ALJ has failed to provide legally sufficient reasons for rejecting . . . evidence [probative of disability], (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (internal quotation omitted). Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

Because of the ALJ's erroneous analysis of Plaintiff's testimony, questions persist regarding Plaintiff's degree of impairment throughout the relevant period. The Court does not find that the record as a whole compels a finding that Plaintiff is disabled.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED IN PART** with respect to remand and **DENIED IN PART** with respect to remanding with instructions to credit any particular evidence as true and award benefits.

2. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

ORDER GRANTING IN PART PLAINTIFF'S MOTION AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17

4. Judgment shall be entered for Plaintiff.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order an provide copies to counsel.

**DATED** July 9, 2020.

                                          *s/ Rosanna Malouf Peterson*
                                         ROSANNA MALOUF PETERSON
                                            United States District Judge